Nabours et al. *v.* Cocke et al.

---

LEVIS NABOURS & J. OWENS, Administrators, &c. *vs.*
STEPHEN COCKE et al.

The statute only authorizes the party whose property is levied on, to execute a forthcoming, or delivery bond, and it is only to bonds so executed by such a party, that it gives the force and effect of a judgment.

Nabours et al. *v.* Cocke et al.

The sole party against whom the judgment was rendered in this case, and upon whose property the execution was levied, was no party to the bond given for the forthcoming of the property. *Held,* that it was not a bond given in conformity to the statute, and no execution emanating on it could bind the property of the obligors to the bond.

The execution which issued upon the bond, not being founded upon any judgment, was a nullity.

A sale by virtue of such an execution, could convey no title to the purchaser.

As a general rule, a court of equity will not relieve a party from a contract made under a mistake or ignorance of the law.

Equity will, however, grant relief where the parties enter into a contract under a mutual mistake in a material fact, and without which mistake the contract would not have been made.

The compromise was made under a mutual mistake that the forthcoming bond had been executed and forfeited by A., with the force and effect of a judgment against the land. *Held,* that the money paid by M., with interest, should be refunded, and his note surrendered to his administrator.

On appeal from the northern district chancery court at Fulton; Hon. Henry Dickinson, vice-chancellor.

The bill charges, that complainant purchased at a sale made of the lands belonging to the estate of Jester Cocke, by his administrators, certain quarter sections therein mentioned, for the sum of two thousand dollars; and further, that a judgment was obtained by N. & J. Dick at the May term, 1837, of the federal court at Jackson, against James Atkins, for the sum of three thousand two hundred and twenty-five dollars and thirty-eight cents, from which an execution issued and was levied on certain property claimed by Alfred Mullins, the trial of which never was had.

Several *fi. fas.* were afterwards issued. The one of the 2d of March, 1839, was levied on certain property, for which a delivery bond was given by Jester Cocke, Alfred Mullins, and Stephen Cocke, and returned forfeited, from which an execution issued on the 3d day of June, 1839, are enjoined.

On the 3d June, 1843, an execution issued and was levied upon *certain* property real and personal of James Atkins, and sold, and was afterwards levied on the land above mentioned, as the property of Jester Cocke, which was not sold for the want of time. On the 12th June, 1843, an order of sale issued, but the land was not sold on account of an error in the

advertisement. Another order issued under which the land was sold, and John B. Davis became the purchaser; no return of which, however, has been made.

On the 20th April, 1844, complainant purchased the said land from John B. Davis, at the sum of one thousand dollars, five hundred in cash, and his note for five hundred, payable 15th April, 1845, the said Davis obligating himself to make to the said James Mullins a quitclaim, and cause a deed in fee to be made by the marshal, the said Davis pretending to complainant, in common with Stephen Cocke and Sterling H. Buckingham, that this land was the same the complainant had purchased at the administrator's sale, when in fact it was not.

That Buckingham, Davis, and Cocke, on the 14th day of May, 1844, executed a deed to complainant, binding themselves that he, the complainant, should never be interrupted in the possession of said land, nor on account of any other property that the said Mullins might have in his possession, once the property of the said Jester Cocke.

That on the 11th March, 1839, the said Jester Cocke executed a trust deed to A. G. Wear, to secure his said suretyship on the forthcoming bond above-mentioned upon this land, and after the death of said Jester Cocke, the said Stephen Cocke on the 1st day of December, 1840, executed a release of said land from said trust deed, to enable the administrator to sell the same.

Bill charges, that at the time of the sale of said land by the marshal and the purchase by Davis, the judgment had been fully paid off by Stephen Cocke or S. H. Buckingham, for him and with his funds, and that the said Davis purchased said lands for the benefit of the said Cocke.

That at the time of his, complainant's, purchase, he was induced by Buckingham, Davis, and Cocke, to believe the judgment had been *bonâ fide* purchased by Buckingham, with his funds and for his entire advantage, and that the lands purchased by him, the said Davis, were purchased for his entire benefit, and that the lands were really liable for said execution, when in fact all this was done for S. Cocke alone.

The answer admits the judgment in all its particulars, and

Nabours et al. *v.* Cocke et al.

the levy of the execution upon the property claimed by Alfred Mullins, but insists that it was disposed of; and it further still admits the levy and the bond, but insists that it was a good statutory bond, and the judgment rendered thereon regular. Admits execution of a release of the land of Jester Cocke, but denies that the judgment lien was affected by the execution of such a release; and denies that the judgment had been paid in full, or that the same was under the legal control of the said Stephen Cocke, but admits it was purchased by the advice, consent, and request of the said Stephen Cocke and for his protection. Denies that the land was purchased at marshal's sale, at the request of Cocke, but admits it was purchased for his benefit. P. 5. They admit the mistake in the numbers of the land.

*R. Davis,* for appellants.

The first charge in the bill is admitted to be correct.

The second allegation in regard to the judgment and levy on a horse which was claimed by Alfred Mullins, is admitted by the answer. Defendants insist that the levy was disposed of. See Record, 8.

The record shows as in the bill alleged, that after levy upon the horse, and the claim of property by Alfred Mullins, another execution issued, which was bonded by Jester Cocke, Alfred Mullins, and Stephen Cocke. To this bond, James Atkins was not a party. This, then, was not a statutory bond, and of consequence not subject to the summary remedy prescribed by statute. Therefore, there never was a judgment against the property of Jester Cocke. The levy was a satisfaction of the judgment against James Atkins, and any execution from the same after this levy was void. See Record, 11. 3 How. R. 25; Walker, 175, 251, 267; 1 How. 50, 64; 6 Ib. 513; 1 S. & M. 347.

A judgment may be attacked collaterally. 5 Wendell, 156; 15 J. R. 140; 19 Ib. 164.

On the 5th day of June, 1843, the bill charges that a levy was made on property, both real and personal, belonging to James Atkins, a part of which, the record shows, was sold, and

the residue released by the order of Buckingham, who had then acquired the control of the judgment for the benefit of his uncle, Stephen Cocke, and who had the execution levied upon the land in controversy, and which was purchased by the nephew-in-law, John B. Davis, not at the request of Cocke, but for his benefit. There is something marvellously strange in the mystic communion between this uncle and his two nephews, who were at every point protecting his interest, not at his request, but in his absence. See Record, p. 18.

This allegation in the bill, which charges that at the time of this sale of the land and purchase by John B. Davis, the judgment had been fully paid off, satisfied, and discharged by S. Cocke, is more properly the subject of consideration in this part of my argument, because, upon its truth or its falsehood, depends much the validity of the sale by Davis to the complainant Mullins. If the judgment had been paid at this time by S. Cocke, although in the name of Buckingham, the levy and sale was a fraud upon Mullins, and the exaction of one thousand dollars most unjust. The answer of the defendants does show, that the judgment had been paid by S. Cocke, and the testimony of Clifton puts this question beyond cavil. See answer and deposition of Clifton. This view of the subject sustains the allegations in the bill most fully, and does establish a most improper combination between S. Cocke, John B. Davis, and S. H. Buckingham, to extort from James Mullins, the complainant, the sum of one thousand dollars. See also the testimony of Hardy Owens and others.

I refer the court particularly to the deposition of Henry R. Carter for the motives that influenced Mullins to make the compromise, and inquire of the chancellor if that does not establish a combination to impose upon Mullins?

*Lindsey & Goode,* for appellees.

The land held by complainant was subject to the lien of the N. & J. Dick & Company judgment, and his object was to release it from that lien. As a part of the compromise, defendants Davis, Cocke, and Buckingham, the latter of whom had become the purchaser of said latter judgment, and controlled it,

entered into a bond conditioned that said judgment should never be used to interfere with the land of complainant, unless he desired it, which as effectually secured him in the title to his land, as if it had been sold under said judgment, and purchased by Davis. What difference does it make to complainant? The security of his title against the operation of the said judgment, was his object, and that he has fully accomplished, as it is not pretended in any part of the record that he has been disturbed.

- Whether the statutory judgment upon the forfeited bond in the N. & J. Dick & Company's case was regular or void, is altogether immaterial. If it was void, the original judgment was in full force, and its lien continued.

As to the allegation that complainant believed that Stephen Cocke then held a deed in trust upon the property of Jester Cocke, it can be of no avail to complainant. It is not pretended that the belief was created by any word or act of defendants; and the release of the trust was of record, of which he was affected with notice. But whether the allegation be true or false, or whether complainant had notice of the release, are matters of indifference, as neither complainant nor Davis claimed under or through that deed, nor is it shown that complainant has been in any manner affected thereby.

The principal ground upon which the bill is sought to be sustained, is the allegation that Cocke was really and in fact the purchaser of the judgment in favor of N. & J. Dick & Company, and that in order to avoid the effects of the purchase by himself, he made use of the name of Buckingham, and substituted him as the purchaser in name, which was a fraud upon complainant, as he says he made the compromise under the belief, created by the defendants, that Buckingham was the real purchaser.

Without stopping to inquire what effect this charge would have upon the case, if true, we deny its correctness, and insist that there is not one particle of proof in the record to support it. That Chancellor Cocke desired that the judgment might be purchased and controlled by Buckingham, so that it would be used less oppressively upon him; that he used his influence with Buckingham to become the purchaser, and endeavored to aid

5*

him in making a favorable arrangement; and that Buckingham was induced to make the purchase in order that he might favor his uncle, by an allowance of time for payment, instead of having his property at once levied upon, sold, and sacrificed, in order to satisfy the judgment, may be true. To that extent the deposition of Mr. Clifton may be construed to prove, but no more. Is there any thing fraudulent, or to the prejudice of complainant in that? Such a transaction it was entirely competent for the parties to make, and legitimate, and from it nothing fraudulent can be deduced. The answers of defendants are responsive, and deny the allegation of fraud. The deposition of Mr. Clifton is the only testimony introduced to sustain it.

The principal ground upon which the bill is sought to be sustained, is, that Cocke was really the purchaser of the judgment in favor of N. & J. Dick & Company. Without examining this charge, we deny its correctness, and insist there is no proof to sustain it.

The next charge upon which relief is sought, is that there was no consideration for the note. This is equally groundless with the others. As has been shown, the complainant and Davis each claimed the land. They met together, and without any undue advantage or fraud on the part of either, agreed upon terms of compromise, the complainant waiving the advantage of legal advice and assistance, (see the deposition of Mr. Carter,) and the note was given in part execution of the agreement. Whether the claim of Davis was complete and perfect is immaterial. He believed it to be good, and complainant regarded it of sufficient validity for him to wish to remove the difficulty which it interposed between him and a perfect title. There was no unfairness used, no misrepresentations made to deceive. It is competent for parties to compromise conflicting claims, and in the absence of fraud, equity will not interfere.

It does not appear from the bill that the complainant has been in any manner damnified, nor that the obligation of defendants has been in any respect violated. Even if there had been a mistake in regard to the rights of the parties, and fraud on the part of defendants, the complainant not being damnified, the compromise would not be set aside. *Davidson* v. *Moss,*

Nabours et al. *v.* Cocke et al.

5 Howard, R. 673; *Moss* v. *Davidson*, 1 S. & M. 112; *Hall* v. *Thompson*, Ib. 443.

*William P.* and *J. F. Jack*, on the same side, filed an elaborate brief.

Mr. Justice YERGER delivered the opinion of the court.

James Mullins, deceased, on whose estate the appellants have administered, purchased in March, 1841, at a sale made by the administrators of Jester Cocke, deceased, a tract of land in Monroe county, which had belonged to Jester Cocke in his lifetime. In April, 1844, the defendant, J. B. Davis, purchased the same land at marshal's sale, by virtue of an execution, which issued from the circuit court of the United States, at Jackson, against James Atkins, Jester Cocke, Alfred Mullins, and Stephen Cocke. This execution, it seems, was under the control of Buckingham, a nephew of Stephen Cocke, and it had been levied by his direction upon the land. Some time after the purchase by Davis, James Mullins applied to an attorney, Henry R. Carter, and consulted him in relation to the matter; when he was informed by Carter, that if the judgment on which the execution issued, was a lien on Jester Cocke's land, and the sale was regular and fair, without fraud, that Davis acquired a good title, but that he could not give him a positive opinion on the subject without examining the record and papers in the case, which were on file at Jackson. The witness, Carter, who was introduced by the defendants, further proved that after this conversation with Mullins, a conference was had between Mullins, Stephen Cocke, Buckingham, Davis, and the witness, and at that conference Davis claimed the land by virtue of the marshal's sale. Buckingham claimed to be the owner of the execution, and Cocke stated that he was entirely disinterested, and Davis, Cocke, and Buckingham all stated that there was no collusion or fraud between them; that Davis was the *bonâ fide* purchaser of the land; that Buckingham was real owner of the execution, and that the lands were liable to sale under the execution. The defendant Cocke made this statement, and stated the facts of the case upon which his opinion was founded

and the circumstances connected with the case at Jackson, which facts and circumstances the witness says he does not recollect; but if true, as represented, no doubt could have rested on the mind of any one. That Davis, by the execution sale, obtained a better title than Mullins had acquired at the sale of the administrators, and so Carter then informed Mullins, who, acting on the belief that the facts were true as stated, made a compromise of the matter, to the effect that the marshal, who had not made a deed to Davis, should make one to Mullins, and that Davis should relinquish claim to the land to Mullins, and in consideration of this, Mullins was to pay $1,000, of which the sum of $500 was to be paid presently, part in cash and part in a note he held on the defendant Cocke, and the remaining $500 was to be paid by the note of Mullins for that amount. This agreement was reduced to writing, and was consummated. The bill in this case was filed to set aside that agreement; it states, in substance, that since the consummation of the agreement, the complainant has ascertained that he was deceived and imposed upon; that at the time the compromise was made, the defendant Cocke was in fact the owner of the judgment and execution under which Davis purchased, and that Davis's purchase was made in fact for Cocke's benefit and at his instance; and that it was a fraud in Cocke to have sold the land, because he had become a party to the forthcoming bond on which the execution issued at the instance of Jester Cocke, who had made a deed of trust on the land in controversy, to secure said Stephen from loss or liability on the bond; and that Stephen had, prior to the sale made by the administrators of Jester Cocke to complainant, released the land from the operation of the deed of trust, to enable them to sell the land. The defendants in their answer deny all fraud and collusion. Cocke and Buckingham both deny that Cocke owned the judgment or controlled it, and affirm it positively to have belonged to Buckingham and to have been controlled by him. Davis denies that he bought the land at the request of Cocke, but states that he bought it for himself, intending, however, to give Cocke the benefit of it. The proof is not sufficient, in our judgment, to sustain the bill upon this point in opposition to the answer.

Nabours et al. *v.* Cocke et al.

But there is another ground, upon which we think the appellants are entitled to relief. It is manifest from the whole record, and particularly from the testimony of Carter, that both parties made the compromise upon the belief and understanding that there was a judgment in the circuit court of the United States at Jackson, on the forthcoming bond against Jester Cocke and others, which was a lien upon the property, and by virtue of which, and the execution upon it, under which Davis bought, a good title was conveyed to Davis. But the fact is otherwise. The bill states, and the copy of the record filed with it, as an exhibit, proves the allegation, that at the May term, 1837, of the district court of the United States, at Jackson, a judgment was rendered in favor of N. & J. Dick & Co. against James Atkins; that an execution on this judgment was issued on the 2d of March, 1839, which was levied on certain property, for which a delivery bond was executed by Jester Cocke; Alfred Mullins, and Stephen Cocke, but to which bond the said Atkins was not a party; and that the execution in this case was based upon this forthcoming, or delivery bond. The statute only authorizes the party whose property is levied upon to execute a forthcoming, or delivery bond, and it is only to bonds so executed by such party, that it gives the force and effect of a judgment. In this case, Atkins, the sole party in the judgment, and upon whose property the execution was levied, did not execute and was no party to the bond given for the forthcoming of the property; and hence, whatever might have been the force and effect of the bond as a common law obligation, it was not a bond given in conformity to the statute, and, therefore, not a bond to which the statute gave the dignity, force, and effect of a judgment; and no execution upon it could, therefore, have emanated to subject the property of the obligors to the bond; and the execution which was issued upon it not being founded upon any judgment, was a mere nullity, did not authorize the marshal to sell under it; and a sale by virtue of it could not convey any title. It is true that, as a general rule, a court of equity will not relieve a party from a contract made by him under a mistake, or in ignorance of the law. But it is no less true that it will grant relief where both parties enter into the contract under a

mutual mistake in a material fact, and without which mistake the contract would not have been made. We consider this to be such a case. We are satisfied that both parties entered into the compromise with the distinct understanding and belief that a forthcoming bond had been given by Atkins in the suit of N. & J. Dick & Co. against him, upon which Jester Cocke, Alfred Mullins, and Stephen Cocke had become sureties; and that the same had been forfeited, and existed as a statutory bond, having the force and effect of a judgment against the obligors thereto. In this we have seen they were mutually mistaken; and, as the compromise was made under a mistake of such a material fact, we think it should have been set aside, and that the money paid by Mullins, with interest, should be refunded, and his note surrendered to his administrators. Let the decree be reversed, and the cause remanded for further proceedings, on the principles laid down in this opinion.