## C. S. Aston *et al. v.* William Robinson

1. Chancery Practice—Equity Jurisdiction—Specific Performance.—The jurisdiction of a court of equity to enforce specifically a contract, though it is said to rest in judicial discretion, yet it is exercised according to sound and fixed rules and within certain defined limits, but is controlled largely by the circumstances of the individual case.  Griffith v. Frederick County Bank, 6 Gill & John., 424.

2. Same—When Exercised.—The requisites, upon which this equity arises, are, the performance must be necessary; there must be a valuable consideration; it must be practicable; the agreement must be certain and mutual.  Ordinarily it will not be exerted in reference to agreements about chattels.

3. Same—When the Right Arises.—The right arises when a contract, binding in law, has been infringed, and the remedy at law, by damages, is inadequate.  Adams Equity, 182.  Agreements for the sale of real estate furnish a subject-matter to call forth the jurisdiction.  Hester v. Hooker, 7 S. & M., 768; Clement v. Reid, 9 S. & M., 535.  The contract must be fair, not hard and unconscientious on either party.  Daniel v. Frazier, 40 Miss. R., 507.

4. Outstanding Title—Rule on this Subject.—The doctrine is well established that if the vendee pay off an incumbrance, or buy in an outstanding title, he shall be considered as doing so for the protection of the vendor's title, and will only be entitled to be credited on the purchase money for what he has so advanced.  Hardeman v. Cowan, 10 S. & M., 486; Hill v. Samuel, 31 Miss. Rep., 307.  Nor will a vendor be allowed to purchase an outstanding title and set it up to defeat that which he has conveyed to his vendee or mortgagee.  Bush v. Cooper, 26 Miss. Rep., 610.

Appeal from the chancery court of Marshall county.  Hon. DeWitt Stearns, Chancellor.

The opinion of the court contains a sufficient statement of the case.

*Featherston, Harris and Watson,* for appellants:

The jurisdiction of a court of chancery to decree the specific performance of contracts, is simply this: That an award of damages at law will not give a party the compen-

sation to which he is entitled; that is, will not put him in a situation as beneficial to him as if the agreement were specifically performed. 1 Hare & Wall Lead. Cas. Eq., 577, 578; Harnett v. Yielding, 2 S. & M., 553. Specific performance is never a matter of right, but of sound legal discretion in the court, each particular case being dependent upon its peculiar circumstances, but governed by general rules and principles. 1 Story Eq. Jur., 742, 769, 770; Seymour v. Delancey, 3 Cow., 446, 505; Adams Eq., 228, 230. So long as a court of law can afford a full, adequate and complete remedy, a court of equity will refuse relief. 1b. Equity will not decree a specific performance of a mere personal covenant sounding in damages, nor of a contract relating to personalty, where compensation may be had by suit at law. Hoy v. Hansborough, 1 Freeman Ch., 533; Hatch v. Cobb, 4 Johns. Ch., 559; Kempshall v. Stone, 5 ib., 193, 195; Story Eq. Jur., 742, 769, 770; Adams Eq., 239; Hare & Wall Lead. Cas. Eq., 579, 580; Maulden v. Armistead 18 Ala., 500; Foote et al. v. Burrgarland, 1 S. & M. Ch., 95. The remedy in equity only arises where a contract, binding at law, has been infringed, and the remedy at law, by damages, is inadequate. Adams Eq., 228; McRae v. Walker, 4 How., 455; Murphy v. Clark, 1 S. & M., 22; Butler v. Hicks, 11 ib., 78; Baines v. McGee, 1 S. & M., 208; Murphy v. Clark, 14 S. M., 187.

Equity will not grant relief to one who, by negligence, has lost his remedy at law. Every man is responsible for a reasonable degree of prudence and foresight in making contracts and proper diligence in compelling their observance by a resort to the proper forum. Shotwell v. Lanson, 30 Miss., 27; Haynes v. Thompson, 34 Miss., 17; Echols v. Hammond, 30 ib., 177; Boyd v. Swing, 38 Miss., 182. It requires a much less strength of case, on the part of the defendant, to resist a bill to perform a contract, than it does on the part of the complainant to sustain it. 1 Story Eq., 769.

A specific performance will not be decreed where the contract is founded in fraud, imposition, mistake, undue advantage, or gross misapprehension; or where, from a change of circumstances, or otherwise, it would be unconscientious to enforce it. 1 Story Eq. Jur., 750. An agreement, to be carried into effect, must be fair and just in all its parts. Specific performance will not be decreed where the bargain is hard and unconscionable, or where it would produce injustice, or where it would be inadequate under all the circumstances. Ib., 769, 770; Liddell v. Sims, 9 S. & M., 609; Herrod et al. v. Davis, 43 Miss., 102.

The court below seems to have regarded this as a proceeding instituted to enforce the vendor's lien. In this case no lien exists, and the court had no jurisdiction. In sales of realty, where the note or obligation is payable in property, and not in money, no vendor's lien exists. In order to constitute the lien, there must be a debt for unpaid purchase money, to a fixed and determined amount. When anything else than money is agreed to be paid, the vendor's lien does not attach. Patterson v. Edwards, 29 Miss., 67, 71; Bramly v. Catron, 8 Leigh, 522, 528; McKellis v. McKellis, 8 Barb., 553.

*G. L. Potter and Watson & Manning*, for appllees:

So soon as Aston made default in the payment and delivery of the cotton, he became a debtor in money to the complainant, to the amount of the value of the cotton at the time and place his notes respectively fell due. Jamison v. Moon, 43 Miss., 598; Coppage v. Brown, 10 S. & M., 605; Whitfield v. Whitfield, 40 Miss., 352; Bickell v. Colton, 41 Miss., 368.

Robinson having given bond for title and retained the title in himself, his condition is just what it would have been had he made a conveyance and taken a mortgage or deed in trust, as security for the payment of the money. Tanner v. Hicks, 4 S. & M., 300; Parker v. Kelly et al., 10 S. & M., 183; Wells v. Smith et al., 44 Miss., 397. Robinson had the

right to subject the land to the payment of the price agreed on, and no court of law could have enforced it. Champlin v. Dotson, 13 S. & M., 553; Fulton v. Woodman, 40 Miss., 598; Brooks v. Cunningham, Mss. Op.; Dillard v. Wright, 11 S. & M., 455.

Simrall, J., delivered the opinion of the court:

William Robinson filed his bill in chancery, against C. S. Aston, M. R. Aston and W. O. Rutherford, for specific performance of a contract of sale, of a certain tract of land made by Robinson to C. S. Aston. This contract was dated the 30th of January, 1865. The consideration of the sale, was certain negroes, (slaves) delivered at the time, and two parcels of cotton, one to be delivered 1st November, 1865, and the other the 1st November, 1866. Robinson executed a bond to Aston, to convey, on the performance by Aston of his part of the contract. Aston has failed to make the payments as agreed.

The defenses set up are, that this is not a proper case for specific performance, because of the changed condition of the country at the time appointed for performance, from what it was at the time of the sale, involving a depreciation in the value of the land, and an appreciation in the worth of cotton.

Further, it is said, that the land was encumbered with the liens of three judgments against Robinson, amounting in the aggregate, to about $1700.00; and that a sale of the land was made under them, to Rutherford; and, therefore, it was impossible for the complainant to convey a good title.

The jurisdiction of a court of equity to enforce, specifically, a contract, though it is said to rest in judicial discretion, yet it is exercised according to sound and fixed rules, and within certain defined limits; but is controlled largely by the circumstances of the individual case. Ash v. Daggy, 6 Ind., 259; Griffith v. Frederick County Bank, 6 Gill. & John., 424. The requisites upon which this equity arises are, the performance must be necessary; there must be a valuable

consideration; it must be practicable; the agreement must be certain and mutual. Ordinarily it will not be exerted in reference to agreements about chattels, because the law esteems that ample compensation can be made in damages, for a breach.

The right arises where a contract, binding at law, has been infringed, and the remedy at law by damages is inadequate. Adams Eq., 182, top p. Agreements for the sale of real estate, furnish a subject matter to call forth the jurisdiction. The rules which guide in administering relief are laid down in Hester v. Hooker, 7 S. & M., 768; Clement v. Reid, 9 S. & M., 535. The contract must be fair, and not hard and unconscientious, on either party. Daniel v. Frazier, 40 Miss., 507.

This bill, like that in Dollahite v. Orne, 2 S. & M., 591, has a double aspect, primarily, however, an enforcement of the lien, implied or reserved in the retention of the legal title; but, in order to attain that relief, the vendor must perform, or offer to perform, his part of the contract.

There is great force in the objection taken by the defendants, that it would be hard to hold them to the bargain, because of the great and unforseen changes, wrought by the close of the war, which shortly afterwards ensued. The immediate effect was to create an active demand for cotton, at largely advanced prices. The consideration was not to be paid in money, because the currency, in January. 1865, had no stable or fixed value, and could hardly be estimated safely as a standard of value. Such were its fluctuations, that it was wholly unreliable, as a basis of value, for future deliveries of commodities. It is proved that the land was not worth, at the date of the sale, and at the maturity of the obligations of Aston, more than half as much as the cotton at the time named for delivery. Both parties must have looked to some extent, to the uncertainty in the value, both of the land and cotton, at the time of performance.

We should be inclined, on account of these circumstances

and considerations, to hold, that justice could be better meted out by referring the vendee to his legal remedy upon the bonds of the vendor. But that would be to refuse him all redress; for, since the purchase, C. S. Aston has become bankrupt and has been discharged. Thereby he has been absolved from personal liability. If in this suit complainant should be denied relief, it is manifest he could get no compensation at law by damages.

If C. S. Aston, the vendee of the complainant, became the purchaser of the land under the judgments, he did not thereby acquire a right which he could successfully assert against the vendor. He was let into possession under the title of the vendor, and was under fealty to that title, so long as his possession under it lasted. The doctrine is well established, founded in morality and good faith, that if the vendee pay off an encumbrance, or buy in an outstanding title, he shall be considered as doing so for the protection of the vendor's title, and will only be entitled to be credited on the purchase money for what he has so advanced. Hardeman v. Cowan, 10 Smedes & Marshall, 486; Taylor v. Eckford, 13 S. & M., 552; Hill v. Samuel, 31 Miss., 307. Nor will the vendor be allowed to purchase an outstanding title, and set it up to defeat that which he has conveyed to his vendee or mortgagee. Bush v. Cooper, 26 Miss., 610.

We think that it is established by the preponderance of the testimony, that C. S. Aston was the purchaser at the sheriff's sale, and that long afterwards, several months, the deed was made to Rutherford, by the sheriff, under protest that he was not the purchaser; but, by the persuasion and assurance of Rutherford's counsel, that he (the sheriff) should be held harmless. Information was also given, by the sheriff, that Robinson had brought suit, and that he had been forbidden to make a deed to Rutherford.

Very shortly after this, Rutherford conveyed the property to Mrs. Aston, wife of the vendee, C. S. Aston. A perusal of the evidence begets the belief that C. S. Aston bid off the land, thinking that he could be protected under the title so

acquired, against a fulfillment of his contract with Robinson. Being undeceived as to that, the deed was procured to be made to Rutherford, and from him to Mrs. Aston, so that he might be furnished a defense against Robinson's suit.

In such a state of facts, C. S. Aston cannot make that defense, but should be credited, on the consideration price, with the money paid to the sheriff and judgment creditor.

These views extend to all the points made in the assignment of errors.

The decree is affirmed.