GRANDBERRY *et al. v.* MORTGAGE BOND & TRUST CO.

(Division B. Feb. 9, 1931. Suggestion of Error Overruled Mar. 9, 1931.)

[132 So. 334. No. 29114.]

**Franklin, Easterling & Rosenthal,** of Jackson, for appellants.

Wells, Jones, Wells & Lipscomb and **W. R. Newman, Jr.**, all of Jackson, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellants, on February 11, 1925, were the owners of a lot with the improvements thereon in the city of Jackson, said property being worth at the time of the sale hereinafter mentioned in excess of twelve thousand dollars. On said first mentioned date, appellants executed a deed of trust on said property to the Southern Building & Loan Association for seven thousand dollars, payable in principal at the rate of one hundred dollars per month. On the same date appellants executed a second deed of trust to L. B. Jones for the sum of one thousand six hundred thirty-six dollars. On January 14, 1926, appellants sold and conveyed the property to Mrs. Eva P. Wall, and, as a part of the consideration of the purchase, as recited in the deed, Mrs. Wall assumed and agreed to pay to the loan association the balance then due of six thousand four hundred eighty-three dollars and twenty-five cents, and to said Jones the said sum due him of one thousand six hundred thirty-six dollars, in addition to which, and as a further part of the purchase price, Mrs. Wall executed to appellants a deed of trust on said property for a balance of two thousand three hundred sixty-eight dollars and forty-two cents; the same being in effect a third deed of trust.

In February, 1928, Mrs. Wall, who had become in arrears with her payments on said incumbrances, arranged with appellee to purchase and take over said first and second mortgages, which was done, by the proper assignments to appellee, but Mrs. Wall still continued to be in arrears and to fall further behind as time went on. Appellants thereupon complained to appellee that it was not sufficiently diligent in enforcing said payments, and, upon the response thereto by appellee that

it had been unable after diligence to make the collections on said first and second mortgages, it was finally agreed between appellants and appellee that the time had arrived when foreclosure by sale should be had against Mrs. Wall; but the sale could not be had under appellants' third deed of trust, because it did not mature until three years after its date, which due date had not then arrived. The said Jones deed of trust, however, was then past due in its entirety, wherefore it was decided that the said Jones deed should be foreclosed, leaving the title of the purchaser at the said sale subject only to the first deed of trust originally given to the loan association, which was payable in monthly installments.

A sale under this second deed of trust, if the property brought no more than the amount due on the said deed of trust, subject to that due on the first trust deed to the loan company, would, of course, eliminate and render inoperative and invalid the third deed of trust held by appellants. It was necessary, therefore, in proceeding under the said second deed of trust, that appellants should bid in the property at the sale for more than enough to cover the said Jones or second deed of trust, or else procure the said appellee to take over the said third deed of trust. Appellee was not willing, however, to take over and thereby to allow appellants for said third deed of trust in excess of one thousand five hundred dollars, with interest, which amounted to one thousand six hundred forty-six dollars, principal and interest.

Appellants thereupon agreed with appellee that they would accept the said sum of one thousand six hundred forty-six dollars for their said third mortgage, and the agreement between appellants and appellee in that respect and as to the manner of the execution thereof was put into the following oral form: It was agreed that the sale should be made by appellee under the said second, or Jones, deed of trust; that on the sale appellee would

bid upon the property the amount of the said Jones deed, with interest, plus the said amount of one thousand six hundred forty-six dollars on appellants' third deed, plus costs and expenses of sale. With this assurance and understanding, and in reliance thereon, appellants, who lived in another county, did not attend the sale, and did not appear to bid in the property at a price above the said Jones deed of trust, with interest and costs of sale, as otherwise it is admitted they could and would have done, and, not having attended, there were no other bids than that of appellee, which was only one thousand dollars, or less than its said Jones deed of trust.

Appellee immediately took possession of said property, has proceeded to remodel the house without appellants' consent, and now repudiates its agreement with appellants on the alleged grounds that the agreement, being oral, is not enforceable under the statute of frauds, and on the further asserted ground that the said agreement is in contravention of the law in relation to the chilling of bids. As to the second ground, it is enough to say that "persons who by virtue of liens or otherwise have an existing interest in the property to be sold may lawfully combine together for the protection of their interests and may even expressly agree not to bid against each other, in furtherance of a plan to conserve their rights, providing their activities in so doing do not operate to exclude any of the general public from bidding." 35 C. J., p. 41. See, also, Starkweather v. Jenner, 216 U. S. 524, 529, 30 S. Ct. 382, 54 L. Ed. 602, 605, 17 Ann. Cas. 1167.

And for a similar reason we see nothing in the argument upon the statute of frauds. Keeping in mind the general principle that, viewing all the terms of an agreement and all the surrounding circumstances, "it is the duty of courts to give to a contract that construction or interpretation, if possible, which will square its terms

with fairness and reasonableness, each party toward the other, and, moreover, that its terms shall be construed, if possible, so as to make it legal, rather than take another course of construction which would make it illegal." Citizens' Bank v. Frazier, 157 Miss. 298, 302, 127 So. 716, 717, we think there is no title to land involved here, nor any payment of the debt of another, but simply that the effect of the agreement was that appellee, so far as any rights or interest of appellants were concerned, should start the bidding at the aggregate amount of the Jones deed of trust, plus the agreed amount, one thousand six hundred forty-six dollars, which appellants were to have out of their deed of trust, plus costs of sale. If, therefore, any of the public had appeared and had bid, say, one thousand dollars more than the said aggregate amount above mentioned, then that one thousand dollars would have belonged to appellee; and, if one of the public had bid even up to the amount of both the second and third deeds of trust, appellants' interest in the proceeds would still have been only one thousand six hundred forty-six dollars, and the balance between that and the total amount of the third, or appellants', deed of trust, would have belonged to appellee. And since the agreement—keeping here in mind the fact that the property is admitted to have been worth at the date of sale in excess of twelve thousand dollars—thus operated in its potential opportunities in favor of appellee in respect to possible, or perhaps probable, profits in the proceeds of the sale, it must also and on the other hand operate to the extent of the fair and substantial effect thereof in favor of appellants, and cannot be defeated by the eventual fact that none of the public appeared to bid as high as the agreed starting point, and that appellee failed to conform to the agreement in that latter respect, but, instead, bid in the property at only one thousand dollars.

To state the matter in other words: It appearing to be to their mutual interests that the delinquent debtor should be foreclosed, appellee and appellants put their said second and third deeds of trust into a united enterprise for the purpose of this sale, so that, if any outside bidder had appeared and had bid an amount equal to the combined amounts of both of them, then appellee would have received as a profit out of the proceeds all above its own deed of trust, plus one thousand six hundred forty-six dollars and costs, and appellants would have received only the said one thousand six hundred forty-six dollars, as to which appellee would be indebted to appellants for money had and received. But, to the contrary of the previous possibility or probability that outside persons would appear and bid an adequate price for the property, no such persons appeared; and neither did appellants appear. But, as to appellants, in the first place, their failure so to do was by reason of, and in reliance on, the agreement by which appellee and appellants had united their interest in the sale and in the proceeds thereof which agreement appellee had promised to execute; and, in the second place, the bill distinctly avers that the agreement was that appellee "would bid for said property a sum equal to the Jones deed of trust and the sum of one thousand six hundred forty-six dollars in addition thereto, above the costs and expenses of the sale." Thus there was an agreement on a sufficient consideration as to what appellee would do at said sale, and it was thereupon not necessary that appellants should further concern themselves to attend said sale to see to it that appellee did what it had agreed to do. They could rely on it without being present to watch it.

We do not think, upon the entire case as made by the bill, and particularly in view of the value of the property, that it would be permissible under equitable principles that appellee could have the advantage of a profit in the

proceeds of the united enterprise had the public come forth with bids, and, on the other hand, can now repudiate the agreement when it transpired that no one of the public appeared to make an adequate bid. And certainly an agreement between parties, uniting their interest as lienholders, as to the division among themselves of the proceeds of a foreclosure sale, or as to the distribution or sharing of profits and losses between them in respect to such proceeds, is not within the statute of frauds, either in letter or spirit, 27 C. J., p. 226, and in such matters, as in most others, equity looks to the actual substance of the transaction rather than to any mere form. We are therefore of the opinion that the demurrer should have been overruled, and that, if the material allegations of the bill be proved, appellants should have a decree against appellee for the said sum of one thousand six hundred forty-six dollars, with legal interest from the date of the said sale.

Reversed and remanded.