EVERETT v. HUBBARD.

(In Banc. April 22, 1946.)

[25 So. (2d) 768. No. 36112.]

858

R. C. Russell, of Magee, and Lyell & Lyell, of Jackson, for appellant.

Edwards & Edwards, of Mendenhall, for appellee.

Argued orally by **R. C. Russell**, for appellant.

**McGehee, J.**, delivered the opinion of the court.

The sole question presented for decision by this appeal is whether or not the trial court was in error in declining to compel the specific performance of the contract here involved, on the ground that the same was not supported by a sufficient consideration to justify the granting of such relief.

It appears that on the 16th day of November, 1932, R. L. Everett, the appellant, and J. A. Jones, as agent of the Hazlehurst Oil & Fertilizer Company, both being unsecured creditors of the estate of T. J. Singletary, deceased, entered into a written contract with Scott Hubbard, now deceased, husband of the appellee, who held a note and deed of trust for the sum of $6,000 of the said T. J. Singletary on a brick hotel building in the town of Magee, and by which contract it was agreed, in substance, that for the mutual promises and considerations therein stipulated as to the settlement of their various claims against the estate of Singletary then being administered in the Chancery Court, and the benefits to be derived by them in settling and compromising their claims to save

the expense of litigation, the said Scott Hubbard was to have a decree for the sum of $4,000 principal, and $400 as attorney's fees on his $6,000 note and deed of trust against the hotel building in a suit then pending for the foreclosure of the said deed of trust, and that at a sale of the property by a commissioner to be appointed for that purpose, the said Scott Hubbard was to appear and bid on the property not less than the sum of $6,600, if necessary to over-bid any other bidder or bidders at the commissioner's sale, and that thereafter the said Scott Hubbard, or his heirs, executors or assigns, would execute to the said R. L. Everett, the appellant, a deed to a one-third undivided interest in said property; that appellant and J. A. Jones as agent of the said Hazlehurst Oil & Fertilizer Company, were not to contest each other's accounts against the estate of T. J. Singletary, deceased; and that the said R. L. Everett was to probate his claims in full against the estate, aggregating the sum of approximately $3,500 and attorney's fees, and that after he "shall have collected said sum or so much thereof as can be legally collected from said estate, and received title to a one-third interest in said property . . . from the said J. S. Hubbard in the event he succeeds in purchasing same as hereinabove provided," the said three parties should divide the net amount that might be collected, "of the claims of the said R. L. Everett thus probated and collected in the ratio or proportion of their respective accounts or claims to the aggregate sum total of the said three claims as above mentioned as against said estate." That is to say, the amount collected should be divided on the ratio that the $4,400 decree in favor of Hubbard, the $3,500 claim of Everett, and the $475 claim of the Hazlehurst Oil & Fertilizer Company should bear to the total thereof, intending thereby that the said Hubbard should receive 4400/8375 of the sum collected on the unsecured claims, in consideration of his agreement to convey a one-third interest in the hotel property as aforesaid.

It is the contention of the appellant, R. L. Everett, that he brought about a compromise of the suit whereby Scott Hubbard was undertaking to foreclose his note and deed of trust against the hotel property, by inducing Mrs. Singletary to consent to a decree for the said sum of $4,400 on the $6,000 note and deed of trust involved in that suit. But this service on the part of the said Everett was outside of and beyond the written contract sued on herein. Moreover, the testimony is in sharp conflict as to whether or not he brought about such compromise. In fact, it appears that Mrs. Singletary and her attorney were conceding that the estate owed to Scott Hubbard an amount approximating the sum for which the decree was taken, but not the full amount of the $6,000 note.

The appellant further contends, as we understand his contention, that during the lifetime of the said T. J. Singletary he stated to the appellant that he owed Scott Hubbard some money, but did not state the amount, and that since he was willing to testify to that effect, and Scott Hubbard was incompetent as a witness to establish the indebtedness claimed against the hotel property, the efforts of appellant in bringing about the compromise, together with his efforts in undertaking to collect his probated claim on which nothing was ever realized on account of the insolvency of the Singletary estate, was a sufficient consideration for the agreement of Hubbard to convey to him an undivided one-third interest in the hotel property.

And the trial court found as a fact that the appellant did all that he could to collect his own claim against the estate, and that he refrained from bidding on the hotel property at the commissioner's sale because of the agreement of Hubbard to convey to him an undivided one-third interest in said property. It appears, however, that the amount of $4,400 bid by Hubbard at the commissioner's sale, together with the sum of nearly $2,000 that he had to pay out in redeeming the property from tax sales, etc., amounted to the full value of the property, so far

as the record here discloses. It does not appear that the appellant would have offered more for the property at the sale than Hubbard paid for the same, including the taxes.

The commissioner's sale was confirmed in 1933, and in August, 1938, Mrs. Singletary and Mrs. Tommie Singletary Massey, an adopted daughter of the Singletarys, filed a suit to set aside the same as fraudulent on account of the contract sued on in the present case. They made both Hubbard and the appellant, Everett, parties defendant in that suit. Hubbard, in his sworn answer thereto, alleged that at the time the contract was executed all of the parties thereto realized that the Singletary estate was insolvent. He did not allege, however, that they realized it was insolvent to the extent that no part of the probated claims could be collected. Everett made his answer a cross bill, and prayed for the specific performance of the contract now in question. In that suit, as between the heirs of T. J. Singletary, deceased, and the said Scott Hubbard, the trial court canceled the commissioner's sale to Hubbard insofar as Mrs. Massey was concerned, as she was not a party to the foreclosure proceeding in chancery, but held that Mrs. Singletary was estopped to bring the suit. However, the trial court pretermitted any hearing on Everett's cross bill, pending the appeal of the main suit, and on such appeal this Court held that Hubbard had acquired a good title to the property at the commissioner's sale, and remanded the cause for adjudication of the issue as between Hubbard and Everett. See Hubbard v. Massey, 192 Miss. 95, 4 So. (2d) 230, 494.

From the opinion in that case it will be found that the Court did not pass upon the question as to whether the contract now involved was supported by a sufficient consideration, such as to require specific performance, as between Hubbard and Everett.

Thereafter, upon the trial under the cross bill of Everett, from which the present appeal is taken, the

Chancellor found as a fact from the testimony of both Everett and Hubbard in that behalf that it was contemplated at the time the contract was entered into that a substantial part of the probated claims could be collected from the estate. And we are not justified in disturbing this finding of fact, even though Hubbard had alleged, in his answer to the suit filed against him by Mrs. Singletary and Mrs. Massey, that it was known at the time of the execution of contract that the Singletary estate was insolvent.

At any rate, if we should assume that it was known at the time of the execution of this contract that nothing could be collected on the probated claims, then no valuable consideration was contracted for to support the agreement on the part of Hubbard to convey an undivided one-third interest in the property to the appellant, Everett. On the other hand, if we assume that it was contemplated, as found by the trial court, that some substantial amount would be collected on the probated claims, to be divided with Hubbard, then the consideration failed when the estate was later declared insolvent, and when nothing was collected on such claims to be divided.

Moreover, an agreement among the parties to the contract that neither of them would contest the claim of the other would not furnish a sufficient consideration to require the performance of the contract by Hubbard, since the appellant admitted as a witness that he knew of no ground on which he could properly contest the indebtedness claimed by Hubbard against the Singletary estate. And we do not think that the other things claimed by Everett to constitute a consideration were sufficient to require a court of equity to compel the specific performance of the contract. The principle was announced in the early case of Daniel v. Frazer, 40 Miss. 507, and from which there has since been no departure, that, "The specific performance of contracts in equity is not a matter of right, but of sound legal discretion, and it will never

be decreed unless the contract is just and fair in all its parts."

And on the question as to whether or not it was contemplated that Hubbard should execute a deed in favor of the appellant, Everett, for a one-third undivided interest in property which was then admittedly worth more than $6,000, and without regard to whether or not anything was collected on the probated claims in which he could share, it was held in the case of Nabours et al. v. Cocke et al., 24 Miss. 44, that although "It is true that, as a general rule, a court of equity will not relieve a party from a contract made by him under a mistake, or in ignorance of the law. . . . it is no less true that it will grant relief where both parties enter into the contract under a mutual mistake in a material fact, and without which mistake the contract would not have been made." In the instant case it would not be reasonable to assume that Hubbard would have agreed to convey to the appellant a one-third undivided interest in the property here involved, unless the parties thereto had mutually thought, as they testified on the trial that they did think, that a substantial portion of the probated claims would be collected and divided with the intended grantor.

Finally, it should be said that the authorities relied upon by the appellant to the effect that any benefit to a promisor, or any loss, detriment or inconvenience to a promisee, or where the person to whom the promise is made refrains from doing anything which he has the right to do, whether there is any actual loss to him or actual benefit to the party making the promise, is a sufficient consideration, though it be inadequate—do not necessarily require that the contract be enforced by decree for specific performance, in view of the rule hereinbefore quoted from the case of Daniel v. Frazer, supra. Nor is the case of Grandberry et al. v. Mortgage Bond & Trust Company, 159 Miss. 460, 132 So. 334, involving an agreement between lien holders interested in property to be sold under a deed of trust, an authority in regard to an

agreement between a lien holder and the unsecured creditors of a wholly insolvent estate, insofar as constituting a sufficient consideration to compel specific performance is concerned.

Therefore, the decree denying specific performance, herein appealed from, should be affirmed.

Affirmed.