209 So.2d 623 (1968)
Solon E. ROBERTS
v.
W.M. SPENCE.
No. 44883.
Supreme Court of Mississippi.
April 22, 1968.
*624 Snow, Covington, Temple & Watts, Meridian, for appellant.
Warner & Ray, Meridian, for appellee.
RODGERS, Justice:
W.M. Spence filed an original bill of complaint in the Chancery Court of Lauderdale County, Mississippi, against Solon E. Roberts, praying for the specific performance of a contract between them for the sale of cattle owned by the defendant Roberts and asking for the enforcement of the contract and for damages.
The defendant, Solon E. Roberts, filed a general demurrer, which was overruled. He then filed his answer to the bill of the complainant, W.M. Spence, in which he denied the agreement to sell the cattle to W.M. Spence, although he admitted that they had talked about the sale of the cattle and the lease of his farm. He then made his answer a cross bill and alleged that he had told the complainant he would sell his cattle for $14,000. He alleged that no written memorandum had been made and that the alleged contract was unenforceable. He stated that he gave a lease of the pastureland on his farm to the complainant, but charged that the lease he signed, which covered his home, did not contain the verbal agreement entered into by the parties that the lease would be cancelled when the lessor obtained a purchaser for his farm. He charges that he was damaged because he had secured a purchaser and appellee would not cancel the lease in accordance with the verbal agreement. The cross-complainant denied that specific performance was possible, because some of the cattle had died and some had been sold. The complainant answered the cross bill and denied that the lease should be cancelled or that the cross-complainant was entitled to damages, except that he should be repaid for feed given the cattle. He further charged that the cattle sold by cross-complainant belonged to him.
During the trial, objection was made by the complainant to the defendant's testimony of an alleged oral agreement to the effect that the written three-year lease on his farm given by the defendant, Roberts, appellant here, to the complainant was an attempt to vary the terms of the written lease. At this point the appellant, Roberts, was permitted to amend his cross bill to charge fraud. The chancellor permitted evidence to be introduced to show a contemporary agreement to cancel the three-year written lease of the appellant's farm, and also an agreement to the same effect said to have been made after the written lease had been signed by appellant, Roberts.
The chancellor heard the conflicting evidence introduced and, after mature consideration, made a final finding of fact. He rendered an opinion in favor of the complainant, W.M. Spence, appellee here, requiring specific performance of the contract of sale of the cattle for the sum of $13,675.87. He then adjusted the equities between the parties as to damages due to the appellee for cattle sold by the appellant and equities due appellant for cattle feed and for taking care of the cattle. The decree of the chancery court required the delivery of the cattle to the appellee upon the payment of $11,905.87 to appellant, and the decree required enforcement of the three-year lease on the appellant's farm.
Appellant, Solon E. Roberts, has appealed to this Court and complains that since the contract was a verbal contract, there was no equitable ground for the specific performance of the sale of cattle; that such a sale was unenforceable because of the statute of frauds; and that appellee was guilty of fraud and deceit.
The appellant argues that the original bill does not seek specific performance of the three-year lease contract, but was an effort on the part of the appellee to enforce an oral contract for the sale of personal property and to recover damages. An examination *625 of the record reveals that the three-year lease contract is attached to the original bill and that the bill prays for general relief.
The appellee contends that since the prayer to the original bill was for general relief and the lease contract on the land was a part of the contract to purchase all the cattle on the property of Solon E. Roberts, the relief sought under the lease was a part of the prayer for specific performance, and therefore the original bill was not a bill to enforce the sale of personal property.
We are thus confronted at the threshold of this lawsuit with the question as to whether or not the general demurrer to the original bill should have been sustained. We have decided that the chancery court should not have entertained jurisdiction of this cause of action for the following reasons.
It is true that the demurrer admitted that there was a contract as set out in the original bill, and (as pointed out by the chancellor) the defendant did not tender an agreement to carry out the contract; nevertheless, the chancery court should not have entertained this suit where the complainant had an adequate remedy at law.
Griffith's Mississippi Chancery Practice § 613 (2d ed. 1950) states:
"The court will not usually permit a bill which is manifestly framed for one purpose, and which prays specially in accordance with that distinct and dominant purpose and theory, to be transmuted ore tenus on the hearing to another and a different theory and purpose, to the surprise and prejudice of the defendant, even though if the bill in the first instance had been drawn so as to present the other theory a somewhat similar set of proved facts might have supported it. The rule has reference, however, not so much to the theory of law as it has to the theory or frame of the bill as respects the facts, and it has application more especially to a case where the facts afterwards sought to be used to support a different theory are set forth in the bill, as it stands, merely by way of the subordinate incidents in the narrative of those main facts which are evidently asserted by the pleading as constituting the essential grounds of complaint. In other words, facts which are subordinated in a pleading to other facts dominant therein towards a definite theory and purpose cannot later, in the face of proper objection thereto, be made without suitable amendment or supplement, the dominant and controlling facts in the case, and those that were dominant in the pleading be reduced on the hearing to a subordinate or merely incidental position in order thereby to reach a decree on a different theory of the case, as respects the controlling facts therein."
The specific performance of a contract is not a matter of absolute right, but is a matter of grace. The application for specific performance of the contract is addressed to the sound discretion of the chancery court. Everett v. Hubbard, 199 Miss. 857, 25 So.2d 768 (1946); 81 C.J.S. Specific Performance § 9 (1953); Daniel v. Frazer, 40 Miss. 507 (1866); Aston v. Robinson, 49 Miss. 348 (1873); Annot., 152 A.L.R. 7 (1944).
Moreover, the discretionary power of the chancery court to grant specific performance relief is not an arbitrary or capricious discretion, but is controlled and regulated by established equitable principles. Thompson Funeral Home, Inc. v. Thompson, 249 Miss. 472, 162 So.2d 874 (1964); 81 C.J.S. Specific Performance § 9 (1953).
There may be cases in the future in this jurisdiction where specific performance of the sale of personal property may be required, because of unusual circumstances. There have been such cases in the history of this Court heretofore. Murphy v. Clark, 1 Smedes & M. 221 (Miss. 1843); Hull v. Clark, 14 Smedes & M. 187 (Miss. 1850); Butler v. Hicks, 11 Smedes & M. 78 (Miss. 1848); see 81 C.J.S. Specific Performance *626 § 67 (1953). But ordinarily a court of equity will not attempt to enforce a contract by specific performance where the parties have an adequate remedy at law to recover damages growing out of the failure of a contracting party to carry out the terms of the contract. Bomer Bros. v. Canaday, 79 Miss. 222, 30 So. 638, 55 L.R.A. 328 (1901); 49 Am.Jur. Specific Performance § 125 (1943).
There are authorities which hold that specific performance may be awarded where the sale of real estate and the sale of personal property are involved in a contract (81 C.J.S. Specific Performance § 71 (1953); Annot., 152 A.L.R. 16 (1944)); but, even in sales contracts which involve both real estate and personal property, specific performance of a contract will not be awarded where damages may be recovered and the remedy in a court of law is adequate to compensate the injured party.
In the instant case the contract for the sale of cattle is indefinite. There is no specific description of the cattle shown in the original bill, and the final decree of the chancery court shows that some of the cattle were sold, some died, and calves were born. The decree from which the appeal is taken shows the futility of a decree requiring specific performance under the facts here shown. Bomer Bros. v. Canaday, supra.
We have reached the conclusion that the chancery court should have sustained the demurrer, dismissed the original bill, and left the appellee to his remedy at law. We therefore reverse the decree of the chancery court and remand this case to the Circuit Court of Lauderdale County for further proceedings in that court. Miss.Const. 1890 § 147.
Decree reversed, and case remanded to circuit court of Lauderdale County, Mississippi.
GILLESPIE, P.J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.