■ JOSEPH A. DWYER et al., Appellants, v WILLIAM VILLA-

NOVA et al., Respondents.—In an action, *inter alia,* to compel specific performance of a contract for the sale of real property, the plaintiffs appeal from an order of the Supreme Court, Putnam County (Dickinson, J.), dated August 13, 1986, which granted the respective motions of the defendants William and Louis Villanova and the Putnam County Savings Bank to dismiss the complaint as against them, and removed a notice of pendency with respect to the subject property.

Ordered that the order is modified, on the law and the facts, by deleting the first and second decretal paragraphs thereof, and substituting therefor a provision denying the motion of William and Louis Villanova to dismiss the complaint as against them. As so modified, the order is affirmed, with costs to the plaintiffs payable by the defendants William and Louis Villanova, and the notice of pendency filed against the subject property is reinstated.

The documents in the record reflect that in October 1979 the Villanovas contracted to sell certain real property to the Dwyers. The contract was conditioned upon the Dwyers obtaining, by November 2, 1979, consent to assume a mortgage then existing on the premises. The closing was set for November 16, 1979. The mortgagee's consent was apparently not obtained, because on November 6, 1979, the parties entered into a rider to their contract, in which the closing date was postponed for five years, to November 16, 1984. Also pursuant to the rider, on November 16, 1979, the Dwyers took possession of the property, in return for which they released their down payment to the Villanovas, paid the Villanovas all the additional cash amounts due to them under the contract, and undertook to make payments to the Villanovas to fully cover the interest and principal due on the mortgage, all real estate taxes levied on the property, and the insurance on the property. Neither the contract nor the rider contained a provision that time was of the essence.

It is not disputed that for the ensuing years the Dwyers made all the requisite monthly payments. However, the set closing date of November 16, 1984 came and went without any conveyance of title, although the Villanovas continued to accept the monthly payments. The first protest related to the failure to close the sale was a letter from the Villanovas's attorney, dated April 24, 1985, stating that the Dwyers were in default and demanding that they vacate the premises. Thereafter, the Dwyers continued to tender and the Villanovas continued to accept the monthly payments provided for in

the contract until March 1986, when the Dwyers offered to pay off the entire mortgage balance.

Under the circumstances, it was error to dismiss the complaint. In the absence of a time of the essence provision, the passage of the designated closing date does not amount to an incurable contractual default *(see, Tarlo v Robinson,* 118 AD2d 561, 565). The parties may, by their conduct, reflect an intent to waive the set closing date *(see, Tarlo v Robinson, supra,* at 566) or otherwise indicate that they continue to view the contract as remaining in full force and effect *(see, Levine v Sarbello,* 112 AD2d 197, 200-201, *affd* 67 NY2d 780). Here, the vendors, by their continued and unconditional acceptance of the monthly payments, at least arguably, as a factual matter, reflected such an intent to extend the contract's closing date. Moreover, not only did the April 24, 1985 letter fail to comply with the contract's requirements for a notice of default, but it was ineffective, because in a case where time is not of the essence, a party may not, in one letter, "unilaterally make time of the essence [notify the vendees] of that fact and [declare] them to be in default" *(Levine v Sarbello,* 112 AD2d 197, 200, *supra).*

Thus, the Villanovas's proffered Statute of Frauds defense cannot serve as a basis to dismiss the action, because the contract had not necessarily expired or been canceled. the complaint sufficiently states a cause of action for specific performance or to recover damages as against the Villanovas.

However, the complaint was properly dismissed as against the defendant bank, since the plaintiffs failed to assert any right to relief against it. Lawrence, J. P., Weinstein, Kunzeman and Kooper, JJ., concur.