■ MOHAMMED BENALAYA et al., Respondents, v ROSEMARY CAMPBELL et al., Appellants. [612 NYS2d 234] —In an action for, *inter alia,* the return of a down payment given pursuant to a contract for the sale of real property, the defendants appeal from (1) an order of the Supreme Court, Westchester County (Gurahian, J.), dated November 2, 1992, which granted the plaintiffs' motion for summary judgment and denied the defendants' cross motion for summary judgment, and (2) a judgment of the same court entered November 30, 1992, upon the order, which is in favor of the plaintiffs and against the defendants in the principal sum of $14,425.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, the plaintiffs' motion is denied, the defendants' cross motion is granted to the extent that the complaint is dismissed, and it is declared that the defendants are entitled to retain the plaintiffs' down payment on the contract as liquidated damages, and the matter is remitted to the Supreme Court, Westchester County, for entry of a judgment in defendants' favor authorizing them to retain the plaintiffs' down payment; and it is further,

Ordered that the defendants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, *Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

In October 1991 the plaintiffs entered into a contract to purchase certain real property from the defendant Campbell and made a down payment of $13,000, which was placed in escrow with Campbell's attorney, the defendant Belkin. The contract provided for a closing date of "on or about December 15, 1991", which date was eventually adjourned by mutual consent of the parties, and a new closing date of January 21, 1992, was set. The January 21, 1992, closing was, in turn, postponed due to the fact that a tenant on the Campbell

property had not yet vacated the premises. In a letter to the plaintiffs dated January 21, 1992, the defendant Belkin advised them that he anticipated closing in early February but that he would be out of the State the last week of January and would call on his return. The plaintiffs' attorney, in a reply letter dated January 24, 1992, stated that if the house was not vacant by January 31, 1992, they would deem the contract canceled. When the defendant Belkin returned to his office the first week in February, he sought to reschedule the closing, but the plaintiffs refused, saying that the tenant had not vacated the premises by January 31, 1992. Indeed, the tenant finally vacated on or about February 15, 1992.

Contrary to the determination of the Supreme Court, we find that the plaintiffs' letter dated January 24, 1992, failed to make "time of the essence". The plaintiffs' attorney had written in that same letter that if the premises were vacant by January 31, 1992, then the defendant Belkin could "call my office so we can set another closing date". This expression of the plaintiffs' willingness to schedule a new closing date after January 31, 1992, can only have meant that they did not view time to be of the essence. Moreover, the letter never stated that closing had to take place on January 31; indeed, it set no closing date at all. Thus, the plaintiffs' letter dated January 24, 1992, did not constitute the "clear, distinct and unequivocal" notice that time was of the essence *(see, 3M Holding Corp. v Wagner,* 166 AD2d 580, 581; *Mohen v Mooney,* 162 AD2d 664). Furthermore, the purported January 31 "deadline" was unreasonable in view of the fact that the plaintiffs had already been advised that the seller's attorney was going to be out-of-State on that day *(see, Klein v Opert,* 201 AD2d 705).

Since the plaintiffs failed to make closing "time of the essence", the defendant Campbell was entitled to a reasonable adjournment until the tenant vacated the property. Thus, when the plaintiffs refused to set a closing date and sought a return of their down payment, they wrongfully repudiated the contract. Accordingly, the defendant Campbell is entitled to retain the down payment as damages *(see, Leading Bldg. Corp. v Segrete,* 60 AD2d 907). Copertino, J. P., Santucci, Friedmann and Goldstein, JJ., concur.