■ RESOURCE MORTGAGE BANKING, LTD., Appellant, v ROBERT TURLEY et al., Respondents. [649 NYS2d 181] —In an action to recover damages for breach of contract, the plaintiff appeals from (1) a judgment of the Supreme Court, Westchester County (Nicolai, J.), dated May 31, 1995, which, upon the granting of the defendants' motion for summary judgment, is in favor of

the defendants and against it dismissing the complaint and awarding the defendants judgment on their counterclaims in the principal sums of $22,000 and $3,500, and (2) so much of an order of the same court, entered July 19, 1995, as, upon granting the plaintiff's motion to reargue, adhered to its original determination.

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the order entered July 19, 1995, made upon reargument; and it is further,

Ordered that the order entered July 19, 1995, is reversed insofar as appealed from, on the law, with costs, the judgment is vacated, and the defendants' motion for summary judgment dismissing the complaint and for summary judgment on their counterclaims is denied.

In February of 1991, the defendants Robert and Carolyn Turley filed an application with the plaintiff Resource Mortgage Banking, Ltd. (hereinafter Resource), for a $2,000,000 loan to be secured by property they owned in Florida. Resource was to earn a total of $50,000 in fees for its services, of which the Turleys paid $22,000. In March of 1991, Resource issued a Residential Loan Commitment Letter to the Turleys for a loan in the amount of $2,000,000. By its terms, the commitment letter was to expire if the loan did not close by May 13, 1991. Prior to May 13, 1991, the Turleys requested that the amount of the loan be increased to $2,500,000. This led to various extensions of the May 13, 1991, deadline in the commitment letter. However, when a commitment letter for the increased amount was not issued for several months, the Turleys, in July of 1991, stated that they wanted Resource to either commit to a new loan in the greater amount or to close on the promised loan for $2,000,000. Less than a month later, the Turleys informed Resource that, because the loan had not been closed, they were demanding a return of the $22,000 in fees they had paid. In December of 1992, Resource commenced this action against the Turleys alleging breach of the commitment letter. Resource sought, *inter alia,* the $30,000 balance of its fees. The Turleys, *inter alia,* counterclaimed for the $22,000 they had paid in fees and for $3,500 in attorney's fees based on a claim of fraudulent inducement to contract. The Supreme Court granted a motion by the Turleys for summary judgment dismissing the complaint and for summary judgment on their counterclaims. We now reverse.

Pursuant to the terms of the commitment letter, Resource earned its $50,000 fee upon the Turleys' execution of the commitment letter. However, the commitment letter was modified

by the Turleys, and accepted by Resource, to provide that the Turleys would be refunded all monies paid if the loan did not close through no fault of the Turleys. Here, each party blames the other for the fact that a loan never closed. Such arguments raise questions of fact for trial. The record is unclear as to the circumstances and timing concerning the attempts to close the $2,000,000 loan, the attempt to secure a $2,500,000 loan, and the date on which the Turleys agreed to accept a loan from another lender that carried a lower interest rate. Thus, it cannot be determined, as a matter of law, whether the Turleys made a good faith effort to assist Resource in securing a loan for $2,500,000 and, when efforts failed, to close on the $2,000,000 loan, or whether, as alleged by Resource, the Turleys intentionally failed to cooperate in securing a loan for $2,500,000, and then refused to close on the loan for $2,000,000 because they had secured a loan at a lower interest rate from another lender. In addition, time was not made of the essence by either the terms of the commitment letter or by the subsequent actions of the parties (see, Cross v Frezza, 161 AD2d 927; Dwyer v Villanova, 129 AD2d 763; S. B. R.'s Rest. v Towey, 130 AD2d 645; 22 NY Jur 2d, Contracts, § 279). Thus, each had a "reasonable time" in which to close on the $2,000,000 loan (see, Benalaya v Campbell, 204 AD2d 671; 22 NY Jur 2d, Contracts, § 279). Here, whether, inter alia, Resource was given a "reasonable time" after the Turleys' letter of July 21, 1991, in which to close the $2,000,000 loan presents a question of fact.

As to the Turleys' second counterclaim to recover attorney's fees on the ground that the plaintiff fraudulently induced them to apply for their original loan, the record is insufficient to support a finding, as a matter of law, as to either liability or damages. Accordingly, the court erred in granting the Turleys' motion for summary judgment dismissing the complaint and for summary judgment on their counterclaims. Miller, J. P., Ritter, Krausman and Florio, JJ., concur.