# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CA-00683-COA

**YAZMINE HAIDAR AND HAROLD M. KATZ III**  APPELLANTS

**v.**

**CHAD A. MARGETTA AND LYNETTE**  APPELLEES
**MARGETTA**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/03/2021 |
| TRIAL JUDGE: | HON. RHEA HUDSON SHELDON |
| COURT FROM WHICH APPEALED: | PEARL RIVER COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | TYLER HOWARD ALEXANDER WILLIAM NEY CRUSE SR. |
| ATTORNEYS FOR APPELLEES: | ROBERT THOMAS SCHWARTZ CHRISTIAN J. STRICKLAND JORDAN REX MATHEWS |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | REVERSED AND REMANDED - 11/22/2022 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**WILSON, P.J., FOR THE COURT:**

¶1.    Yazmine Haidar and Harold Katz entered into a contract to buy land in Pearl River County from Chad and Lynette Margetta.  Due to delays by their lender, Haidar and Katz were unable to close on the contractual closing date.  Haidar and Katz allege that the parties agreed on a new closing date, but one day before the new closing date, the Margettas refused to honor the contract.  Haidar and Katz then filed suit in chancery court, seeking specific performance or, in the alternative, damages.  However, the chancery court dismissed the complaint for failure to state a claim upon which relief could be granted, holding that Haidar

and Katz could not enforce the parties' contract because they were unable to close on the contractual closing date. Haidar and Katz appealed.

¶2. For the reasons discussed below, we conclude that the chancery court erred by granting the Margettas' motion to dismiss. The parties' contract did not specify that time was "of the essence," nor do any of the facts alleged in the complaint establish that time was "of the essence." Therefore, the chancery court erred by holding as a matter of law that Haidar and Katz's delay in performance precluded them from enforcing the parties' contract. Whether time was of the essence to the parties' contract and whether Haidar and Katz were prepared to close within a reasonable time appear to present questions of fact. In any event, they cannot be resolved as a matter of law on a motion to dismiss. Accordingly, we reverse and remand the case for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

¶3. Because we review an order dismissing the complaint pursuant to Mississippi Rule of Civil Procedure 12(b)(6), we accept the factual allegations of the complaint as true. *City of Meridian v. $104,960.00 U.S. Currency*, 231 So. 3d 972, 974 (¶8) (Miss. 2017).

¶4. On December 7, 2020, the Margettas entered into a contract to sell two lots in the Legacy Subdivision in Pearl River County to Haidar and Katz for $80,000. The contract stated that closing would occur "on or before January 7, 2021." Haidar and Katz's lender, BankPlus, subsequently delayed the closing to February 2, 2021. According to the complaint, the new closing date "was communicated [to] and understood . . . by all parties via text message." However, the day before the new closing date, the Margettas refused to

2

honor the contract.

¶5. On February 11, 2021, Haidar and Katz sued the Margettas in the Pearl River County Chancery Court, seeking an injunction to prevent the Margettas from selling the property to any other party and specific performance or, in the alternative, damages. The parties' contract was attached to the complaint as Exhibit A. A series of text messages between Haidar and Lynette Margetta regarding the delay in closing was attached to the complaint as Exhibit B.

¶6. The Margettas filed a motion to dismiss, arguing that the complaint failed to state a claim because the parties' "contract expired on January 7, 2021." In addition, they argued that the closing date was never extended in a signed writing, as required by the statute of frauds, Miss. Code Ann. § 15-3-1(c) (Rev. 2019). The Margettas also showed that on February 11, 2021, they had entered into a written contract to sell the two lots at issue plus one additional lot to Glen and Lisa Norris for $117,000. The contract between the Margettas and the Norrises stated that closing would occur "[o]n or before 30 days from the execution of [the contract]." The Margetta-Norris contract also noted that it reflected a prior oral agreement reached on February 1, 2021. The Margettas alleged that Haidar and Katz had prevented them from selling the lots to the Norrises by filing a lis pendens.

¶7. In response to the motion to dismiss, Haidar and Katz argued that they did not breach the contract by delaying the closing because time was not "of the essence" to the contract. They also argued that the parties had agreed to modify the contractual closing date.[1]

---

[1] Haidar and Katz also argued that BankPlus's delays were related to COVID-19. They also attached some additional text messages between Haidar and Lynette Margetta.

3

¶8. The chancery court granted the Margettas' motion to dismiss, holding that Haidar and Katz were not entitled to specific performance or damages because they were not prepared to close on January 7, 2021, and because a contract for the sale of land could not be modified orally. Haidar and Katz filed a notice of appeal.

**ANALYSIS**

¶9. "A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted raises an issue of law, which is reviewed de novo." *City of Meridian*, 231 So. 3d at 974 (¶8). Our review is limited to the face of the complaint, and we accept its factual allegations as true. *Id.* "The motion tests the legal sufficiency of the complaint" and "should not be granted unless it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of the claim." *Id.*

¶10. On appeal, Haidar and Katz argue that because time was not "of the essence" to the parties' contract, their inability to close by the date specified in the contract was not a material breach. Therefore, they argue that they are entitled to enforce the contract, and the chancery court erred by dismissing their complaint. For the reasons discussed below, we hold that the allegations of the complaint are sufficient to state a claim upon which relief could be granted. Therefore, we reverse the order dismissing the complaint and remand the case for further proceedings.[2]

---

[2] The Margettas argue that the contractual closing date could not be modified orally because a modification of a contract for the sale of land must be in writing to comply with the statute of frauds. Miss. Code Ann. § 15-3-1(c); *Thompson v. First Am. Nat'l Bank*, 19 So. 3d 784, 787 (¶11) (Miss. Ct. App. 2009). We agree with the Margettas on this point. But on appeal, Haidar and Katz do not argue that the parties effectively modified their original contract. Rather, they argue that time was not "of the essence" under the original

4

¶11. This case involves a simple, two-page contract for the sale of land in Pearl River County. As one treatise on this subject recognizes, "[i]n the majority of real estate transactions, the parties do not intend to jeopardize their rights to perform a contract by failure to meet the contract's specified time for closing." 14 Richard R. Powell, *Powell on Real Property* § 81.03[5], at 113 (Michael Allan Wolf ed., 2003). "They do not view the date as a deadline but rather as a goal to be reached unless some unavoidable delay forces its postponement for a reasonable time." *Id.*

¶12. To be sure, contracting parties may agree that time is "of the essence" to their contract. "[W]hen the parties agree that time is of the essence in their contract, a delay in performance beyond the specified time will constitute a material breach" and generally will excuse further performance by the other party. 14 Richard A. Lord, *Williston on Contracts* § 43:7 (4th ed. Oct. 2022 update). But if time is not of the essence, then a slight delay in performance will not be deemed a material breach, and "performance must occur within a reasonable time." *Id.*; *accord* Powell, *supra*, § 81.03[5], at 112-13 ("As long as a tardy plaintiff is able to tender performance within a reasonable time, that party is eligible for specific performance of the contract despite the failure to meet the original time for performance."); Alan M. Weinberger, *Real Estate Contracts*, *in* 12 *Thompson on Real Property* § 99.15(d), at 293 (David A. Thomas ed., 1994).

¶13. Our Supreme Court has explained that time will be deemed essential to a contract only in limited circumstances:

---

*written* contract, which unquestionably complied with the statute of frauds.

5

Unless a contract expressly states so, or unless there is otherwise shown to be a clear indication of intent, time is not ordinarily considered to be of the essence in the performance of a contract. . . . [I]n order for equity to regard contracts as 'of the essence,' one of two conditions must be satisfied. . . .

First, the contract must expressly state that time is of the essence. . . . The second way for equity to regard timely contract performance as of the essence is there must be a clear indication of intent by the parties to the same.

*Ferrara v. Walters*, 919 So. 2d 876, 884-85 (¶¶24-25) (Miss. 2005) (citations omitted).

¶14.    In this case, the parties' contract does not state that time is of the essence. It sets a closing date, but the mere fact that a contract sets a closing date does not establish that time is of the essence. *Id.*;[3] *see also, e.g.*, *Pollard v. Martin*, 382 S.E.2d 720, 721 (Ga. Ct. App. 1989) ("[M]erely specifying a closing date does not make time of the essence in a contract for the sale of land."); *Limpus v. Armstrong*, 322 N.E.2d 187, 190 (Mass. App. Ct. 1975) ("The mere fact that the agreement specified a date for closing did not make time of the essence."); *Whitney v. Perry*, 617 N.Y.S.2d 395, 396 (App. Div. 1994) ("[T]ime is never of the essence in real estate contracts, even if a closing date is stated, unless the contract specifically so provides, or if special circumstances surrounding its execution so require.").

¶15.    Thus, the Margettas cannot show that time was of the essence to the contract unless the record establishes some other "clear indication of intent by the parties" that time was essential to the contract. *Ferrara*, 919 So. 2d at 885 (¶25). But as courts in other states have held, in the absence of an express time-is-of-the-essence clause, whether time is of the

---

[3] In *Ferrara*, the parties' contract specified a closing date, but our Supreme Court still held that the trial court manifestly erred by finding that time was "of the essence." *Id.* at 885 (¶27).

6

essence generally presents a question of fact for the fact-finder.[4] In addition, what constitutes a "reasonable time" for performance also generally raises a question of fact.[5] Such decisions are consistent with Mississippi precedents holding that "whether a breach [is] material is a question of fact." *Favre Prop. Mgmt. LLC v. Cinque Bambini*, 863 So. 2d 1037, 1044 (¶20)

---

[4] *See, e.g.*, *Sahadi v. Cont'l Ill. Nat.'l Bank & Tr. Co. of Chicago*, 706 F.2d 193, 197 (7th Cir. 1983) (holding that in the absence of a time-is-of-the-essence clause, whether time was of the essence was a genuine issue of fact for trial); *Hing Bo Gum v. Nakamura*, 549 P.2d 471, 475 (Haw. 1976) (holding that in the absence of a time-is-of-the-essence clause, "whether time is or is not of essence is to be determined like any other fact"); *Raisin Mem'l Tr. v. Casey*, 945 A.2d 1211, 1216 (Me. 2008) ("In short, whether time is of the essence in a contract is a matter of fact . . . ."); *Keller v. Hummel*, 334 N.W.2d 200, 203 (N.D. 1983) ("Unless the intent that time is of the essence is manifest from the face of the contract, it is a question to be determined by the trier of fact and summary judgment should not be granted if reasonable men could differ on the issue."); *Hobgood v. Pennington*, 387 S.E.2d 690, 693 (S.C. Ct. App. 1989) (holding that in the absence of a time-is-of-the-essence clause, "whether time was of the essence in the closing of the sale was a question for the jury"); *Kennedy Ship & Repair L.P. v. Pham*, 210 S.W.3d 11, 19 (Tex. App. 2006) ("Unless the contract expressly makes time of the essence, the issue is a fact question for the jury."); *Emps. Ins. of Wausau v. Jackson*, 527 N.W.2d 681, 688 (Wis. 1995) ("Whether 'time is of the essence' of a contract is a question of fact.").

[5] *See, e.g.*, *Jaramillo v. Case*, 919 A.2d 1061, 1068 (Conn. Ct. App. 2007) (holding that if time is not of the essence, "performance within a reasonable time will satisfy the contract," and "[o]rdinarily, what constitutes a reasonable length of time is largely a question of fact to be determined in the light of the particular circumstances of each case"); *Am. Nat'l Bank & Tr. Co. of Chicago v. Cont'l Cas. Co.*, 434 N.E.2d 321, 324 (Ill. Ct. App. 1982) ("[I]f time is not of the essence the contract must be performed within a reasonable time. What constituted a reasonable time was a question of fact for the jury." (citation omitted)); *Mayfield v. Koroghli*, 184 P.3d 362, 364 (Nev. 2008) (When time is not of the essence, "a contract must be performed within a reasonable time. What constitutes a reasonable time for a contract's performance is a question of fact to be determined based on the nature of the contract and the circumstances surrounding its making."); *Res. Mortg. Banking Ltd. v. Turley*, 649 N.Y.S.2d 181, 182-83 (App. Div. 1996) (holding that because time was not of the essence under the parties' contract, "each had a 'reasonable time' in which to close," and whether the plaintiff "was given a 'reasonable time' . . . present[ed] a question of fact"); *Langer v. Bartholomay*, 745 N.W.2d 649, 657 (N.D. 2008) ("Where time is not of the essence, a reasonable delay in performance does not constitute a breach of contract . . . . What is a reasonable time is a question of fact." (citation and quotation marks omitted)).

(Miss. Ct. App. 2004) (citing *UHS-Qualicare Inc. v. Gulf Coast Cmty. Hosp. Inc.*, 525 So. 2d 746, 756 (Miss. 1987)). In short, when a contract does not expressly state that time is of the essence, whether time is essential and whether a delay in performance constitutes a material breach generally present questions of fact for a fact-finder. Accordingly, this issue will rarely, if ever, provide a basis for dismissal pursuant to Rule 12(b)(6).

¶16. As stated above, when we review a dismissal pursuant to Rule 12(b)(6), our "[r]eview is limited to the face of the [complaint], and [its] allegations must be accepted as true." *City of Meridian*, 231 So. 3d at 974 (¶8). The complaint cannot be dismissed "unless it appears beyond a reasonable doubt that [Haidar and Katz] will be unable to prove any set of facts in support of [their] claim" for specific performance. *Id.* Thus, the legal issue at this stage of the case is whether the *complaint itself* conclusively establishes a "clear indication of intent by the parties" that time was of the essence to the performance of the contract. *Ferrara*, 919 So. 2d at 885 (¶25). Haidar and Katz did not plead themselves out of court by alleging facts that establish that time was of the essence. They alleged that their lender delayed the closing; that they notified the Margettas of the delay; that the Margettas "understood"; that a new closing date was set; and that one day before the new closing date, the Margettas refused to honor the contract. Accepting those allegations "as true," we cannot say "beyond a reasonable doubt that [Haidar and Katz] will be unable to prove any set of facts in support of [their] claim." *City of Meridian*, 231 So. 3d at 974 (¶8). Therefore, the chancery court erred by dismissing the complaint pursuant to Rule 12(b)(6).

¶17. We also note that the text messages attached to the complaint do not indicate that time

was of the essence to the contract.[6]  These messages were exchanged between Haidar and Lynette Margetta in the days and weeks after the original closing date (January 7, 2021) had passed and merely show that the parties discussed the delay in closing and a new closing date.  The few relevant messages state as follows:[7]

Wednesday, January 13, 2021

Haidar:        Finally!  The bank got their act together and said they are shooting for a closing date by end of next week!

Margetta:     Awesome!  Just let us know

. . . .

Tuesday, January 26, 2021

Margetta:     . . . Just wondering I haven't heard anything from Gerald [(the closing attorney)] do we have a closing date yet?

. . . .

Haidar:        I messaged Russell at Bank Plus on the 12th asking for an update on when we expected to close.  He responded they were shooting for end of next week (from the 12th).  That's when i messaged you with the news.  But that has already come and gone.  I don't know why they are dragging, but i will send another email tonight at work and let you know his response.

¶18.    There is no statement in any of these messages that time was of the essence.  Indeed, the messages do not even suggest a sense of urgency.  Lynette Margetta never expressed

_____

[6] We consider these text messages to be incorporated within the complaint.  *See* M.R.C.P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.").

[7] Several omitted text messages in the chain address topics unrelated to the closing and suggest that Haidar and Lynette Margetta were friends or at least acquaintances.

9

concerns about the delay or attempted to impose any firm deadline for closing. Rather, *nineteen days after the original closing date had passed*, Lynette Margetta made only a casual inquiry about whether a new closing date had been scheduled. Given that the Margettas still wanted to close the deal as of January 26, the original closing date of January 7 clearly was not "of the essence." Nor does Lynette Margetta's casual inquiry on January 26 provide any indication that time had become of the essence by that date. These few messages do not establish as a matter of law and "beyond a reasonable doubt" that time was of the essence. *City of Meridian*, 231 So. 3d at 974 (¶8). Accordingly, dismissal of the complaint cannot be upheld on the basis of these few text messages. *Id.*[8]

¶19. In a real estate transaction, a seller does not have to wait forever on a dilatory buyer. If a buyer fails to close on time, the seller can make time of the essence by giving the buyer clear notice warning that the failure to close on a date certain will result in default and termination of the contract. Weinberger, *supra*, § 99:15(d), at 293 & n.326; Powell, *supra*,

---

[8] The Margettas and the dissent rely on *Gunn v. Heggins*, 964 So. 2d 586 (Miss. Ct. App. 2007), but that case is readily distinguishable. In *Gunn*, the buyer had paid the seller "an additional $5,000 to extend the contract closing . . . fifteen days." *Id.* at 589 (¶2). On appeal, this Court affirmed the chancellor's finding—after a trial—that time was of the essence. *Id.* at 592-93 (¶¶11-14). We concluded that although the parties' contract did not expressly state that time was of the essence, there was sufficient evidence of "a clear indication that the parties intended" for time to be of the essence. *Id.* This Court emphasized that "[t]he contract at issue had a clearly defined closing date, *and both parties agreed that the additional monetary consideration was for the purpose of extending the original closing date . . . so that [the buyer] could have more time to obtain financing*." *Id.* at 593 (¶14) (emphasis added). We held that this was "strong evidence that [the buyer] was aware that she needed to perform under the contract within the dates indicated." *Id.* In this case, the Margettas never suggested that Haidar and Katz should pay additional compensation to extend the closing date. Rather, nineteen days after the closing date, there was only a casual inquiry about whether a new closing date had been set.

§ 81.03[5], at 118; 15 Lord, *supra*, § 46:16; *Zev v. Merman*, 521 N.Y.S.2d 455, 457 (App. Div. 1987), *aff'd*, 533 N.E.2d 669 (N.Y. 1988). But nothing in the pleadings or attached exhibits shows that the Margettas ever gave such notice in this case. Rather, all that we know is that nineteen days after the original closing date, Lynette Margetta casually inquired whether a new closing date had been set. According to the complaint, less than a week later, the Margettas refused to honor the contract. The complaint itself did not establish any event in those few days that would have made time of the essence or justified the Margettas in abandoning the parties' contract. Therefore, the complaint cannot be dismissed for failure to state a claim.

¶20.    **REVERSED AND REMANDED.**

**McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR. WESTBROOKS, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. GREENLEE, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY BARNES, C.J., AND CARLTON, P.J.; WESTBROOKS, J., JOINS IN PART.**

**GREENLEE, J., DISSENTING:**

¶21.    Because I would affirm the judgment of the chancery court, I respectfully dissent.

¶22.    "Specific performance is an appropriate remedy in matters relating to tracts of real property because of the unique nature of real estate." *Id*. (citing *Van Etten v. Johnson (In re Est. of Pickett)*, 879 So. 2d 467, 471 (¶12) (Miss. Ct. App. 2004)). Be that as it may, specific performance "is not a matter of right in Mississippi, but is a matter of grace." *Swarek v. Derr Plantation Inc*., 227 So. 3d 903, 908 (¶34) (Miss. 2017) (quoting *Roberts v. Spence*, 209 So. 2d 623, 625 (Miss. 1968)). An application for specific performance is left to the chancery

11

court's sound discretion, "controlled and regulated by established equitable principles." *Id*. (quoting *Roberts*, 209 So. 2d at 625). "A party cannot obtain a decree for specific performance, without [showing] compliance, or [a] readiness to comply with [that person's] part of the contract[.]" *Gunn v. Heggins*, 964 So. 2d 586, 590 (¶7) (Miss. Ct. App. 2007) (quoting *Tyler v. McCradle*, 17 Miss. (9 S. & M.) 230, 244 (1848)).

¶23.    At the heart of this case is the denial of specific performance in the form of an order granting a motion to dismiss. Taking all the allegations of the complaint as true, Haidar admitted that they were unable to perform their obligation in the contract because BankPlus, their financier, "delayed the closing of the property to February 2, 2021." On appeal, they argue that the Margettas were unable to perform their obligations at the original closing date, yet these allegations are not present within the complaint. The chancery court examined Haidar's admissions in the complaint and rejected their arguments that the contract was extended orally or by unsigned writings. Accordingly, the court declined to award Haidar specific performance.[9]

¶24.    Haidar now argues on appeal, with the support of the majority, that the chancery court erred in its judgment because the contract did not explicitly state that time was of the essence.

¶25.    "To regard a contract as 'of the essence,' one of two conditions must be satisfied: either the contract must expressly state that time is of the essence or there must be a clear indication that the parties intended for time to be of the essence." *Gunn*, 964 So. 2d at 592

---

[9] The complaint also included a claim for damages in the alternative of specific performance. Haidar has not argued for damages either in a subsequent motion or on direct appeal. Therefore, Haidar has waived this claim on appeal. *Aldridge v. Aldridge*, 168 So. 3d 1127, 1145 (¶70) (Miss. Ct. App. 2014).

(¶11) (citing *Ferrara v. Walters*, 919 So. 2d 876, 885 (¶25) (Miss. 2005)). "In the absence of either condition, time will not ordinarily be considered of the essence in contract performance." *Id*. (quoting *Ferrara*, 919 So. 2d at 885 (¶24)).

¶26.    The contract in this case states:

> 3.    <u>TITLE AND CLOSING</u>:    Seller shall deliver unto Purchaser a merchantable title to the hereinbefore described property. It is understood and agreed that title to the subject property **will be passed on or before January 7, 2021**.

(Emphasis added). Although the contract did not explicitly state the words "time is of the essence," this provision made it clear that January 7, 2021, was the intended deadline to perform. In the four corners of the contract, no other provision allowed for a different deadline or provided for a way to extend the deadline. "A contract which specifies the period of its duration terminates on the expiration of such period." *Gunn*, 964 So. 2d at 593 (¶14) (citing 17A Am. Jur. 2d *Contracts* § 530 (2004)).

¶27.    The majority provides caselaw from other jurisdictions that suggest the phrase "time is of the essence" is required to, in effect, make time be of the essence. Mississippi caselaw does not reflect that reason alone but allows for an examination of the contract for a clear indication of the time essence. Furthermore, nothing in our caselaw suggests that the contract itself cannot be demonstrative of a clear intention between the parties. That "time is of the essence" is found within the four corners of the contract, which would be the first place to look for such intent.

¶28.    Several relevant Mississippi cases dealing with this issue concerned contracts that are unlike the one in the instant case. In *Ferrara*, the closing date provision of the contract stated

13

a date "set for forty five days after the acceptance by the Seller." *Ferrara*, 919 So. 2d at 879 (¶2). In *Gunn*, the contract stated the sale was on an "as is" basis with closing to be 45 days of the contract's signing. *Gunn*, 964 So. 2d at 589 (¶2). In *Lee v. Schneider*, 822 So. 2d 311 (Miss. Ct. App. 2002), the sales contract included a provision with a specified date ("sale was to be closed on or before June 30, 1994"), but the contract set conditions, such as merchantable title requirements, that allowed for reasonable extensions. *Id.* at 312-13 (¶¶2-3). The instant case has no such conditions or lack of specificity in the contract.

¶29.    The contract between the Margettas and Haidar had a deadline: an agreement that title "will be passed on or before January 7, 2021." There was no written and signed request or acceptance for an extension. The chancellor found a clear indication that the parties intended for time to be of the essence by examining the contract and rightfully dismissed Haidar's claim for specific performance. Therefore, I dissent.

    **BARNES, C.J., AND CARLTON, P.J., JOIN THIS OPINION. WESTBROOKS, J., JOINS THIS OPINION IN PART.**